## Staff Guidance on the Unlawfulness of Undisclosed Fees Imposed on Franchisees[1]

The Franchise Rule requires franchisors to disclose fees in a Franchise Disclosure Document (FDD) so that prospective franchisees are advised of their likely purchase obligations while operating the franchise.[2] The issue of franchisors imposing and collecting fees from franchisees that were not disclosed in their FDDs recently has been raised with the FTC in various forums, including comments submitted in response to the FTC's Request for Information Related to Franchisors' Business Practices,[3] at an event Chair Khan attended with franchisee associations,[4] and elsewhere. We've heard that one way franchisors may impose previously undisclosed fees is by making changes to the Operating Manual. Within the past year, Washington's Department of Financial Institutions[5] and California's Department of Financial Protection and Innovation[6] have opined on whether franchisors may impose fees on franchisees that were not disclosed in the franchisor's FDD. Given the recent interest in this issue, staff is releasing this guidance regarding the unlawful imposition of undisclosed fees.[7]

The Franchise Rule requires franchisors to disclose in the FDD certain fees.[8] If a franchisor fails to disclose those fees in the FDD, such failure is a violation of the Franchise Rule and Section 5 of the FTC Act.[9]

Furthermore, if a franchisor imposes or collects a new fee, through its operating manual or otherwise, that was not disclosed in the FDD and included in the franchise agreement, the franchisor may be engaging in an unfair act or practice in violation of Section 5 of the FTC Act.[10] Courts have upheld the FTC's view that unilateral changes to contract terms are an unfair act or practice. For example, in *FTC v. Orkin Exterminating Co.*, the 11th Circuit upheld the FTC's finding that Orkin had engaged in an unfair act or practice by increasing the fee it charged customers above the amount provided in their contracts. The company had entered into agreements with consumers to provide lifetime termite protection services for a fixed annual

---

[1] This document represents the views of FTC staff and is not binding on the Commission.
[2] 72 Fed. Reg. 15444 (Mar. 30, 2007).
[3] *E.g.,* Comment from Anonymous, FTC-2023-0026-0464; Comment from AAHOA, FTC-2023-0026-1938.
[4] Is Franchising Fair? Franchisee Conversations and the Federal Trade Commission (May 2, 2023), https://register.gotowebinar.com/recording/recordingView?webinarKey=8052325513814056792&registrantEmail=landscooter%40gmail.com.
[5] Wash. State Dep't of Fin. Insts., Franchise Act Interpretive Statement – FIS-09 (Nov. 1, 2023), https://dfi.wa.gov/industry/franchise-act-interpretive-statements/franchise-act-interpretive-statement-fis-09.
[6] *Franchises – Frequently Asked Questions and Answers*, CAL. DEP'T OF FIN. PROT. & INNOVATION, https://dfpi.ca.gov/franchise-investment-law/franchises-frequently-asked-questions-and-answers/#b15 (last visited June 10, 2024).
[7] Staff does not intend to provide legal advice to any franchisor or franchisee and advises anyone with concerns about liability regarding particular practices to consult an attorney.
[8] *E.g.,* 16 C.F.R. § 436.5(e) (initial fees); 16 C.F.R. § 436.5(f) (other fees). Also, Item 9 provides a Table to facilitate finding references to fees throughout the FDD. 16 C.F.R. § 436.5(i).
[9] 16 C.F.R. § 436.6(a).
[10] An act or practice is unfair if it causes or is likely to cause substantial consumer injury, which consumers cannot reasonably avoid, and which is not outweighed by benefits to consumers or competition. 15 U.S.C. § 45(n); *see also* Federal Trade Commission Policy Statement on Unfairness, appended to *Int'l. Harvester Co.*, 104 F.T.C. 949, 1070-76 (1984). We also note that state law may offer additional protections for franchisees against the imposition of undisclosed fees. *E.g.*, Wash. Rev. Code § 19.100.170(2).

Exhibit 1

fee.[11] Years after entering the contracts, Orkin unilaterally modified the contracts and raised the amount of the annual fee.[12] The Commission found that although there was no deception in the formation of the contracts, the practice was unfair because it caused substantial, unavoidable consumer injury that was not outweighed by benefits to consumers or competition.[13]

Any determination of whether a franchisor is engaged in violations of the Franchise Rule or the FTC Act will be fact specific, and staff is not taking a position on whether any particular company is currently violating the Franchise Rule or Section 5. Nevertheless, franchisors should review their practices to ensure compliance with the law.

---

[11] 108 F.T.C. 263 (1986), *aff'd*, Orkin Exterminating Co. v. FTC, 849 F.2d 1354 (11th Cir. 1988).
[12] *Id.*
[13] *Id.*